[No. 9,328. Department Two.—July 24, 1884.]

GEORGE H. GILLESPIE, APPELLANT, *v.* A. G. WINN, ADMINISTRATOR OF THE ESTATE OF E. E. HERSPERGER, DECEASED, RESPONDENT.

GUARDIAN AND WARD—ADMINISTRATOR—PRESENTATION OF CLAIM—TRUST FUND.—An action cannot be maintained by a ward against the administrator of his deceased guardian, to recover a sum of money received by the guardian in trust, unless it is shown that the claim has been presented to the administrator for allowance, or that the trust fund has come into the hands of the administrator.

APPEAL from a judgment of the Superior Court of the county of Sacramento.

The plaintiff, while a minor, was under the guardianship of Emily E. Hersperger, who died intestate. The defendant Winn was appointed administrator of her estate in 1877. The plaintiff reached majority in September, 1881. This action was for an accounting as to a fund held by the decedent as guardian, and was commenced in June, 1883. No presentation of the claim was ever made to the administrator, and there was evidence showing that the trust fund did not come into his hands. A nonsuit was granted.

*Freeman & Bates,* and *W. C. Van Fleet,* for Appellant.

The plaintiff, on arriving at majority, was entitled to an accounting with his guardian. After her death he had a right to an accounting with the administrator, and a judgment that the amount found due be paid in due course of administration.

(Code Civ. Proc. §§ 1754, 1774; *Moore* v. *Cason*, 1 How. (Miss.) 53; *Garvin* v. *Hutcher*, 39 Iowa, 685; *Bush* v. *Lindsay*, 44 Cal. 124; *Farnsworth* v. *Oliphant*, 19 Barb. 25; *Wetzlar* v. *Fitch*, 52 Cal. 638; *Chaquette* v. *Ortet*, 60 Cal. 594; *Gregg* v. *Gregg*, 15 N. H. 190; *Peck* v. *Braman*, 2 Blackf. 141; *Swan* v. *Dent*, 2 Md. Ch. 111; *Salisbury* v. *Van Hosen*, 3 Hill, 77.) The action to determine the amount of the deficiency, is necessary to enable the ward to sue upon the bond of the guardian. (*O'Brien* v. *Strang*, 42 Iowa, 644; *Stillwell* v. *Mills*, 19 Johns. 304; *Critchett* v. *Hall*, 56 N. H. 324; *Allen* v. *Tiffany*, 53 Cal. 16; *Hailey* v. *Boyd*, 64 Ala. 400.) The plaintiff is not precluded from maintaining his action, because he did not present his claim to the administrator. The guardian was a trustee, and not a debtor. (*Seaman* v. *Duryea*, 10 Barb. 533; *Gunter* v. *Janes*, 9 Cal. 659; *Estate of McCausland*, 52 Cal. 577; *Fallon* v. *Butler*, 21 Cal. 32.)

*Frank D. Ryan*, and *Hart & White*, for Respondent. When a *cestui que trust* seeks, not to follow the trust fund, but to obtain general relief out of the estate, he must present his claim to the administrator for allowance. (*Lathrop* v. *Bampton*, 31 Cal. 17; *People* v. *Houghtaling*, 7 Cal. 348; *Wells Fargo & Co.* v. *Robinson*, 13 Cal. 133.)

The COURT.—We think the motion for nonsuit was properly granted. The claim on which the action is based was never presented for allowance to the defendant as the administrator of the estate of Mrs. Hersperger, deceased, nor is it shown that the money which she received as the guardian of plaintiff ever came into the hands of defendant as such administrator, or otherwise. On the other hand, the only evidence introduced on the trial tends to prove the exact reverse.

Judgment affirmed.